# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| COREY DREGIS NEAL ) | |
| ) | |
| Petitioner ) | |
| ) | |
| v. ) | NO. 3:16-cv-01361 |
| ) | CHIEF JUDGE CRENSHAW |
| UNITED STATES OF AMERICA ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

### I. Introduction

Pending before the Court are the Petitioner's Motion To Vacate, Set Aside, Or Correct Sentence In Accordance With 28 U.S.C. § 2255 (Doc. No. 1), the Petitioner's Supplemental Brief (Doc. No. 9), and the Government's Response. (Doc. No. 10). For the reasons set forth herein, the Petitioner's Motion (Doc. No. 1) is DENIED, and this action is DISMISSED.

### II. Procedural and Factual Background

In the underlying criminal case, the Petitioner pled guilty, pursuant to a Plea Agreement, before now-retired Judge Todd J. Campbell, to participating in a drug trafficking conspiracy, in violation of 21 U.S.C. § 846. (Doc. Nos. 510, 511 in Case No. 3:11cr00194). The Plea Agreement contemplated cooperation by the Petitioner potentially leading to a Government motion for a reduced sentence for substantial assistance. (Id.) The Petitioner acknowledged in the Plea Agreement that he qualified for the career offender enhancement in the United States Sentencing Guidelines. (*Id.*) At the subsequent sentencing hearing, on June 23, 2014, Judge Campbell granted the Government's motion for a substantial assistance reduction, and sentenced the Petitioner to 131

months of imprisonment. (Doc. Nos. 1843, 1845, 1846 in Case No. 3:11cr00194). The record indicates that no appeal was taken.

## III. Analysis

### A. The Section 2255 Remedy

28 U.S.C. Section 2255 provides federal prisoners with a statutory mechanism by which to seek to have their sentence vacated, set aside or corrected:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

In order to obtain relief under Section 2255, the petitioner must demonstrate constitutional error that had a "'substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" Hamblen v. United States, 591 F.3d 471, 473 (6th Cir. 2009)(quoting Griffin v. United States, 330 F.3d 733, 736 (6th Cir. 2003)).

The court should hold an evidentiary hearing in a Section 2255 proceeding where a factual dispute arises, unless the petitioner's allegations "'cannot be accepted as true because they are contradicted by the record, inherently incredible, or [are] conclusions rather than statements of fact.'" Ray v. United States, 721 F.3d 758, 761 (6th Cir. 2013)(quoting Arredondo v. United States, 178 F.3d 778, 782 (6th Cir. 1999)). In addition, no hearing is required where "the record conclusively shows that the petitioner is entitled to no relief." Arredondo, 178 F.3d at 782 (quoting Blanton v. United States, 94 F.3d 227, 235 (6th Cir. 1996)). See also Fifer v. United States, 660 F. App'x 358,

2

359 (6th Cir. Aug. 22, 2016).

Having reviewed the pleadings, briefs and records filed in Petitioner's underlying criminal case, as well as the pleadings, briefs and records filed in this case, the Court finds that it need not hold an evidentiary hearing in this case to resolve the Petitioner's claims. The record conclusively establishes that the Petitioner is not entitled to relief on his claims for the reasons set forth herein.

B. Johnson v. United States

Through the Motion To Vacate, the Petitioner contends that his sentence should be vacated based on the Supreme Court's decision in Johnson v. United States, 135 S.Ct. 2551 (2015). In Johnson, the Supreme Court held that the so-called "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague. The ACCA provides for a 15-year mandatory minimum sentence for defendants convicted of certain firearms offenses who have three previous convictions for a "violent felony" or a "serious drug offense." 18 U.S.C. § 924(e)(1). The statute goes on to define "violent felony" as follows, with the residual clause set forth in italics:

> (2) As used in this subsection–
>
> * * *
>
> > (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that –
> >
> > > (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> > >
> > > (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to*

*another. . .*

(Emphasis added).

Several courts have applied the Johnson decision to invalidate the identically-worded portion of the definition of "crime of violence" set forth in the career offender Sentencing Guideline.[1] See, e.g., United States v. Pawlek, 822 F.3d 902 (6th Cir. 2016). Relying on this reasoning, the Petitioner argues that the Johnson decision invalidates his sentence because the career offender guideline's residual clause was applied to him. In the absence of the residual clause, the Petitioner contends, his prior conviction for voluntary manslaughter does not otherwise satisfy the "crime of violence" definition, and he no longer qualifies for the career offender enhancement.

In its Response, the Government argues that the Petitioner's prior conviction for voluntary

---

[1] Prior to August 1, 2016, Sentencing Guideline Section 4B1.2(a), the career offender guideline, defined "crime of violence" as follows, with the residual clause set forth in italics:

> (a) The term 'crime of violence' means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that--
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

(Emphasis added).

Amendment 798 to the Sentencing Guidelines, which became effective on August 1, 2016, deleted the residual clause portion of the definition and replaced it with language that enumerates specific offenses.

4

manslaughter qualifies as a "crime of violence" under the "use-of-physical-force" clause of the definition, and therefore, the Johnson decision does not affect his career offender status.

The Court finds it unnecessary to address the Government's argument, however, because the Supreme Court recently issued an opinion that forecloses the Petitioner's claim. On March 6, 2017, the Supreme Court held, in Beckles v. United States, 137 S. Ct. 886, 895 (2017), that the Johnson decision does not extend to the definitions in the Sentencing Guidelines because the Sentencing Guidelines are advisory, and therefore, not subject to a vagueness challenge under the Due Process clause. See Harris v. United States, 2017 WL 1379472, at *3 (6th Cir. Apr. 17, 2017)(Applying Beckles to affirm the dismissal of the petitioner's Section 2255 motion to vacate). Thus, even if the Petitioner's prior conviction for voluntary manslaughter qualified as a "crime of violence" under the career offender guideline's residual clause, Beckles holds that application of the guideline's residual clause was not unconstitutional. The Petitioner has not suggested a basis for distinguishing the decision in Beckles, nor has he asserted an alternative basis upon which to vacate his sentence. Accordingly, the Petitioner's Motion To Vacate is denied.

## IV. Conclusion

For the reasons set forth herein, the Court concludes that the Petitioner's request for Section 2255 relief should be denied. Accordingly, this action is dismissed.

Should the Petitioner give timely notice of an appeal from this Memorandum, and accompanying Order, such notice shall be treated as a application for a certificate of appealability, 28 U.S.C. § 2253(c), which will not issue because the Petitioner has failed to make a substantial showing of the denial of a constitutional right. Castro v. United States, 310 F.3d 900 (6th Cir. 2002).

An appropriate order will be entered.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE